Good morning. My name is Scott Freeman, and along with co-counsel David Huston, who's present here with me, I represent John Ligon, and he represented Cal Meisel at the trial level and now on appeal. I'll be arguing the appeal for the appellants this morning. Your Honors, when we tried this case in Reno, Nevada, back in June, this was a case of first impression in northern Nevada, and my research revealed that it was the – there was only one prior case, the Lynch decision, that ever involved the acquisition or theft of archeological resources. In this particular case, the defendant appellants were accused of stealing petroglyph rocks from a local palace site in Reno. A lot of the trial, if not the majority of the trial, was related to our defense that the defendant's appellants did not know that their acquisition of these petroglyphs that were later found on the front lawn of my client were archeological resources pursuant to United States v. Lynch, which this Court decided. The defendants were acquitted on that ground. They were not acquitted of theft of government property. We see a lot of theft of government property type cases, and the elements are very specific and very significant. The theft of government property case, they have to show, of course, that the property was taken. They have to show it was government property, and more importantly, the government has to show for felony purposes of prosecution that the property is valued over $1,000. That is where the issue of this appeal lies, and that is the focus of our argument. Well, isn't it a violation of the statute, even if it's less than $1,000? It is. It's a misdemeanor. Yeah. And what's significant about this is that when the government did not produce any value over $1,000 in the traditional sense pursuant to statute, and of course, what I'm referring to is face, par, market value, or cost price, whichever is greater, which is outlined in the statute, the government relied on something called archeological value. Now, what's important – Okay. But before you get – let's assume for the moment that the government didn't show any value. That's right. Let's assume it didn't show a value in excess of $1,000. Your clients could still be convicted of violating the same code section, right? That's correct. So is it the conviction that is wrong, or is it somehow a determination that it's a felony that is wrong? Both. If you combine our second issue, which was the fact that I had asked the Court on three different occasions to submit defense special instruction number 2, which was related to the definition of value, then it's reversible. On issue number 1 that you're referring to, Your Honor, related to whether or not it's a misdemeanor or a felony, then it becomes a misdemeanor. So I hope that answers your question, because – So that the remedy, if you were to prevail on the point that the value did not exceed the $1,000, would be a decision that would convert it into a conviction of a misdemeanor. That is correct. And then if we prevail on issue – That's the remedy you're seeking on the – if we rule for you on that point. Actually, that becomes a remedy, but I'm asking for reversal. And I'm asking for reversal in combination with issue number 2. You're asking for a reversal because of another issue. That's correct. Right. But if it was solely on the first issue, your – what your request is that it be converted to a misdemeanor. It has to be. I mean, that has to be the case. And help me understand the structure of the argument as to why it should be an outright reversal, not merely a conversion into a misdemeanor. Thank you. What I did is I argued to the Court that because value is specifically defined pursuant to 18 U.S.C. 2311, and it gives you the definitions, I asked the Court to instruct the jury so I could argue a closing argument that the government had not provided those elements of that statutory scheme in 641. The Court said, instead of doing that, I'm going to instruct the jury that if they find the defendants not guilty of an archaeological resource theft, if you will, then I'm in essence going to direct them to find them not guilty because the value has not been established. And that was instruction number 18. You just decided the Cassell case just recently in May of 2005, where you said if the jury instruction fails to list a necessary element of the offense, that is a reversible error. And that is where I'm asking for reversal in combination of the two. Because if you understand the fundamental argument that in this case, value was not established, and the government sought to use archaeological value as that substitute, which we would submit is inappropriate and not part of the statutory scheme. I still don't follow, because you say if value is not established, a conviction is still proper, if not a felony conviction. That's correct. But so why is the reversal required? The reversal is required because the jury didn't have an opportunity to review or examine the elements of the offense related to the felony prosecution. This wasn't a misdemeanor prosecution, obviously. I understand that. But, I mean, let's assume for the sake of argument that it's of nominal value or no value. It's still potentially a misdemeanor crime. So what is that why is the why are the other elements not met in this case? Well, the other elements aren't met. The other elements, as far as the jury was concerned, were met. But for the purposes of reversal, they stand convicted of a felony. So for the purposes of reversal, if the judge doesn't instruct the jury the way we had requested with the elements of the offense, reversal is mandatory. I'm not arguing about, obviously, a misdemeanor conviction. I'm arguing about a felony conviction that in our view was improper. But by reversal, you're meaning getting rid of the felony. That is correct. Leaving a misdemeanor. On issue number one, related to the value of the property. Yeah, but I don't understand why on issue number two, you take a different position. Well, it's because the government's position was that this is a felony prosecution and it's over $1,000. Yeah. The judge, from our standpoint, did not instruct on that issue. That is reversible error. That's instruction error as opposed to factual error as a matter of law. The instruction error should have instructed the jury as to the elements the government was trying to produce. They were trying to show over $1,000. The government was trying to show archaeological value. Isn't it harmless if the ultimate conviction is for a misdemeanor? Absolutely not. Because both defendants went to prison. Both defendants stand convicted of a felony. No, no, no, no, no. I said if the ultimate result were a conviction for a misdemeanor, it would be harmless. I'm sorry. I disagree. No, why? Let me explain why. Because for the purposes of value in our case, for the purposes of establishing value, the government put forth a value. So they put forth a felony value for purposes of a felony conviction. For the purposes of harmless error, they would have to have done no value. It would have been harmless because they would have been or we would have asked for a misdemeanor or we would have asked for dismissal or they would have been acquitted of the felony. Because the government made the choice. But what I'm trying to say is suppose the jury had returned a verdict that said you were guilty of a misdemeanor. It wasn't on the table. It wasn't an option. So why do you think we have the option of converting a felony to a misdemeanor? It seems to me what you're arguing is we either have to reverse entirely or not at all. Well, I'm asking you to find that the element was not a felony. I know, but you're saying with respect to your first argument that we have the option of converting it into a misdemeanor. And yet what you seem to be suggesting on the second is that it's a zero-sum game. It's either felony or nothing. I do. But I'm not saying that you have the option of reducing to a misdemeanor. That is the answer to your question in terms of what's the net effect of your decision. I'm not asking for that. I don't understand your answer to the first question. I'm sorry. The first question posed by Judge Reinhart is that what you're asking for on issue one is a conversion of the felony to a misdemeanor. And you said yes. That's the net effect. I don't know if the court has the power to convert it to a misdemeanor. You have the power to agree with our argument as it relates to that. Because the value issue in this case wasn't established. So the issue then becomes, number one, whether it has the net effect of being reduced to a misdemeanor. Or number two, you reverse based upon the jury instruction. And that's really the focus of my argument. The only thing that was charged and convicted on, on count two, was felony. That's correct. Now, the statute requires, whether it's felony or misdemeanor, that's to say whether the punishment is excessive or not, it requires that the theft be of something of value. That's correct. And is your argument that the government put on no evidence of value as defined by the statute? That is correct. And thank you. What I was alluding to previously is the fact that archaeological value that the government cited to is actually a value related to civil damages pursuant to 470 FF. And what that statute talks about is if somebody in a civil context appropriates an archaeological resource, then one of the aspects of damage is archaeological value. Now, archaeological value is the cost of doing reports for the information that was lost as a result of the violation. That is different than a jurisdictional amount of $1,000. Either it is or it isn't. And we're given the exact ---- Is it different from an amount of $1? I beg your pardon? Is it different from an amount less than $1,000, for example, $1? I'm still working on this misdemeanor point. I understood. They have to show some evidence of value. The cases that we cited and the issues related to the cases that we cited talk about different jurisdictional amounts. The jurisdictional amount is $1,000. Some cases said, well, you have to take judicial notice. If there's no evidence, those are reversed. Under these circumstances, if it's less than $1,000 or it's $1, it is a misdemeanor. I mean, that's the way the statute's written. And is it a misdemeanor even if it's never been charged as a misdemeanor? I do not believe that it is. I mean, under the circumstances, the government is an all-or-nothing situation. They charged us a felony. They didn't charge a misdemeanor in the alternative if we can't prove value. They said we can prove value. They said we can prove value over $1,000, and they didn't. And what is significant about that is they had the evidence. What I anticipate the government's going to argue in a few moments to you is that because they didn't have any evidence of value using the traditional sense because archaeological objects are so unique that they couldn't find a value, that's not true. That's disingenuous at best. They had the proof. And in my brief appearing at the excerpt on the record at page 0154, we indicated to you the report of Mark Boddy. Mark Boddy was an individual who the government had retained to do a commercial value pursuant to the Archaeological Resources Act, which tells you how much these petroglyphs are worth. And what's interesting — Worth in the sense of on the open market. Absolutely. And in response directly to your question, the evidence came from Mr. Boddy — I shouldn't say the evidence, the information that I later attached in my 29C motion — was the fact that the archaeological objects came between $900 and $800, hence misdemeanor. In their damaged state. I beg your pardon? In their damaged state. That's correct. But there was no evidence that our clients incidentally created that damage. If there was some, it may or may not have been conclusive, but there was some. Assuming that's the case. But that goes right to your question, which is, it's not a dollar in my argument. It's $800 or $900. And it was a tactical decision by the government not to introduce that. So when they fall back on the archaeological value argument and make the argument to you that under the circumstances, because it's archaeological value that you should consider, and because there was no available market, they cited cases citing thieves market. They cited cases involving cost price, et cetera. And they said that wasn't available. So please make a new law related to these elements. Please accept and embrace our archaeological value argument. I've got to tell you, we had the evidence. It just wasn't introduced at that level. It is part of the record. It is available for your consideration. And I made the argument to the court below. Now, I will tell you, it was a very inconsistent verdict in this case because of instruction number 18. The judge said, if you find him not guilty of an archaeological resource, then in essence, they have not found a value. In essence, under the circumstance, you should find him not guilty of theft of government property. In this case, they ignored that instruction. That's why I say instruction number two was so critical. Because if you supplemented judge's instruction number 18 with the instruction related to the fact that here are the elements of the offense. The government's got to prove this element of value beyond a reasonable doubt. I incorporated the statutory language, the government's request of special instruction, and I put them together. And then when I could see the direction the court was going in related to no evidence from the government, because I made the request at the close of the government's case, then I made the request at the close of the case, and the judge allowed us time, excuse me, to prepare our motion for acquittal. Under all those circumstances, I knew the government had not presented 641 value. And as a result of not providing that, I was comfortable that we would have been successful at the trial court below. That's why we've been anticipating this morning's time to be able to speak with you. Because if they're acquitted of the theft of archaeological resource offense, and we litigated that to the point of acquittal, and they're found guilty of an offense that requires $1,000 or more, and you look at the instructions, and you look at what the government is trying to claim is the value, instead of giving you the information or giving the jury the information that they needed, make a determination, allow us to cross-examine the expert, let's see where it lies, that was a missing element in this case. Well, let me put this up from a practical standpoint. Let's assume we agree with your argument, and you say that our only remedy is to vacate the conviction and go back. The government is now wiser about what it needs to prove, puts on the evidence, and you're convicted of a felony again. Because the theft is undisputed. The only amount in question is the value. So are you sure you really want to argue to us that our only option is to reverse the felony and send it back for a new trial? No, I didn't ask for that. I asked you to reverse. I didn't ask to remand. I don't see the option. I mean, they can certainly retry it. I don't see that. Let me share with you what I'm asking you to do as clearly as I can. On the first issue, I'm asking you to remand with instructions that they didn't show with $1,000 required for the statute, and that leaves it as a misdemeanor. End of story. We don't have to retry on the misdemeanor. That's the instruction I'm asking for on the first issue. On the second issue, if you find that the jury instruction should have been given pursuant to your Cassell decision, that is a clean reversal, not remand for a new trial. That's a reversal. And I'd suggest to you that's the situation. It was an extremely close call in response to Judge Reinhart's question related to harmless error. This was not a case with overwhelming evidence related to value. This was an extremely close call where the government was able to convince the court below to go with the archaeological value, which is the cost of garnering information. It's not a jurisdictional amount. It is a civil damage restitution amount. My question about harmless error was only, would it be harmless if there were a misdemeanor conviction? Well, as far as the felony is concerned, of course it wouldn't be harmless. But as far as the misdemeanors. Would error be harmless if the jury had brought back a conviction of a misdemeanor? I'm following what you're saying. They didn't have that option. That's why in response to your question. But if you went on issue one and you get a remand with instructions, doesn't that make the error on issue two irrelevant? No. I don't believe so with all due respect. I don't. The felony is vacated. You have a remand with instructions. So why? I don't understand your argument that the second issue then is still in play. Because you don't have the felony conviction. Either. In other words, I don't know if I understood your question correctly. But in other words, I'll take either one. But of course, I'd like a reversal. The other option is remand with instructions. Do you prefer to go back for a new trial and get convicted of a felony the next time? Absolutely not. What I was saying is. But I don't think you get a straight reversal. I have to say that's my I know I understand what you're saying from that case. But normally if there's a faulty jury instruction, that's not a reversal. And without a new trial, you still have a chance to. Respectfully, if there's a faulty injury, at least as far as Excel decision is concerned, it's an element of the offense. If the jury doesn't find that element and they're wrongfully convicted, you know, on that basis, that's why I'm asking for the reversal. But if you get that reversal, I'm following up on Judge Thomas's question, is the government free to retry? My request is that they are not. My request is that it is a full reversal, not with instructions for a new trial. I don't say with instructions to retry. What if we just outright reverse, the government reindicts? No, they wouldn't. I mean, double jeopardy would attach under those circumstances. I don't think so. Why is that so? Well, it would be the same offense and the jury's been impaneled to reverse. It's the same case. The jury didn't acquit. We reversed the conviction, but the jury didn't acquit on that count. Why can't they simply retry, reindict and retry? Well, I'm hopeful that they cannot, based upon your reversal. My initial answer is because of double jeopardy. But they didn't acquit on that. I understand that. Thank you. I can reserve some time for rebuttal. May it please the Court. My name is Robert Don Gifford. I'm an assistant U.S. attorney from the District of Nevada. And I was also the counsel at trial as well. The ‑‑ I guess the crux of the issue is there's four issues that were briefed. But the biggest issue that stands out before the Court that is really almost a one of first impression is one of value. Value has been discussed historically. Is it your position that you can use archeological value even if there is a commercial value? If there is ‑‑ well, if there was a commercial value, Your Honor, I would say that it would have been presented at trial. If there is no other value that can be presented, but there is some value, such as an archeological value, then that should be a value that a court should be able to consider. But if there is a commercial value, then you would be required to show the commercial value. Yes, Your Honor. I would agree that the commercial ‑‑ you've got to go with that and you can't use archeological. Is that right? That would be the preferred method. I'm not asking preferred. I'm asking a yes or no. It would be required. Oh, required. No, sir. No, Your Honor. So even if there is, say, a market value, you say you can go with archeological value? If ‑‑ well, I wouldn't go with it in this case if there was a market value. I'm asking you a different question. I'm asking you not what you would do. I'm asking you what the statute on our case law requires. If there is a market value, can you refrain from presenting market value and instead give us archeological value in order to satisfy 641? Yes, Your Honor, because ‑‑ Where is your authority for that? The authority in that is that if there is ‑‑ if value ‑‑ value should be determined in a practical manner. That comes out of the Bigelow case, Your Honor, that's cited in my brief. The defendant also cites a case called the Giglio, which they even cite, too, that there has to be some flexibility with respect to the methods of the proof of value. The statute itself does not require us to take such a strict reading of it. In this case, you know, Bigelow says if there's no commercial market, then another market may be considered. And the definition of saying that there's commercial value means that there's a commercial market for it, right? I would agree. I would agree. So if there's a commercial market, don't you have to use the commercial value rather than archeological value or some other value? I would agree, yes. Okay, so then what do you make of the supplemental submission of the Forest Service expert that values this commercially at $900 or $800? Very easily, Your Honor, and just as a duty of candor to the court, Mr. Botte was not called. This was ‑‑ Mr. Botte was ‑‑ I provided this information to the defense, just as a duty of candor. Mr. Botte, when questioned about how he arrived at these numbers, he had no foundation. There's no way that this evidence would ever make it to a jury, because when you asked him, well, why did you base this? He was contacted after the petroglyphs were stolen, once the petroglyphs were recovered and they were damaged, the government was trying to establish what can we do to return these petroglyphs to their original condition. As our duty, we ‑‑ of course, the Washoe tribe was very upset that their cultural heritage had been damaged. We reached out to see what we can do to try to get them fixed. Mr. Botte was not a ‑‑ was contacted as far as what can we do to establish it. Now, but then he issues a report that says it has commercial value that's submitted to the government, so. That cover page that says commercial value is not a government page. What Mr. Botte said, his value was based on a foundation, because it was based on the current damaged condition, it was worth of only $800 to $900. Otherwise, it was over $1,500. My only point is he established a commercial value. If it was a ‑‑ Meaning that there was a commercial value available, and so if we follow the logic, if there's a commercial value available for this particular item, you can't use archeological value. I would agree, but see, the issue is there was no commercial value because Mr. Botte could not establish a commercial value. What do you mean he couldn't establish? I'm just reading from his report. He gives you the numbers. You may disagree with it, but what do you mean he couldn't establish a commercial value? For the purposes of that trial, as soon as I would have put him up, I would have to lay a foundation for what his value was based on, and he had no foundation. What do you mean there's no foundation? He's not an expert? His findings weren't based on anything. He hadn't even viewed the petroglyphs in person. He viewed them only in picture. Well, but the question is not necessarily the question you're now answering. The question is not whether this evidence is coming in in a form in which it would be admissible. That might or might not be true. The question is whether there is actually some commercial value, and it might have been that you would have to do a little more work with Mr. Botte to get a report that's admissible. I'm not ruling on that question or answering that question, but that's not the question in front of us. The question is, is there a commercial value? And here you've got an expert who says in an undamaged condition, these would have been worth $1,500. He was contacted as to try to repair these petroglyphs. I mean, he's not an expert, and his commercial value has as much weight as it coming from the common man on the street. We contacted the Smithsonian. We contacted insurance companies that insure museums. We contacted the Gilcrease Native American Museum in Oklahoma. Nobody could place a value on these petroglyphs. So you're saying when he certified to the federal government, which would be a crime, that based on the best of his ability, based on age, condition, design, and taking into account fair market value, you think that he could not certify that because he was incompetent to. Yes. Is that what you're saying? That is what I'm saying, Your Honor. So certification was false, is that what you're saying? I think when you say to the best of his ability, then it would not be false because I think his ability would not be sufficient. Now, the thing is now, while the defense never has an obligation to put on any sort of evidence, they did choose to put on evidence. Since this evidence was provided to them in their defense, if they didn't offer it, there's obviously a reason why. They're supposed to hang themselves? No, no, no, not at all. In fact, this would have even helped their clients because if they would have submitted this evidence, it would have shown it was a value of less than $1,000. But they know that it had no admissibility, it had no value. I think they were just waiting for you to hang yourself. Excuse me? I think they were just waiting for you to hang yourself, and you did. No, not necessarily, Your Honor. We used archeological value simply because that was the only value that was known for these petroglyphs. Mr. Batte's report carries no credibility. He didn't testify at trial. That's because you didn't put him on. Well, we couldn't put him on. He wasn't an expert. He had no credibility. He couldn't carry the weight of the day. In fact, if anything, in fact, if he did have credibility, he would have said, well, it's worth over $1,500. But we didn't like that. We didn't like what he didn't have. That wasn't based on anything. So we relied on archeological value, which archeological value is made up of a lot of different things. Let me come at this from a common sense standpoint. Are you telling me that if either of these two criminal defendants had put a little wanty ad in the newspaper and said genuine Indian petroglyphs for sale, $50, that those would have been un-saleable? That those would have been un-saleable at $50? If they would have derived those from a private... I'm asking sort of a commonsensical question. Are you asking me to believe that if they put a wanty ad in the paper, or maybe we do it all by Craigslist today, and said $50, genuine Indian petroglyphs, no one would have bought them? I think someone would have bought them. Well, then you've got problems with using archeological value. Well, in the case where there were stolen IRS credentials, in that case that I cited, there was no market for them. But these are Indian petroglyphs. These are not stolen IRS credentials. But there was no market value for IRS credentials. However, they met the felony value there because they were put on a market, and they used what was there called a thieves market. It wasn't a par market. It wasn't a marketable value. So the court relied on the thieves market and created it there. And you're saying the thieves market is not available as a market value under 641? No, a thieves market would be valuable. And there you go. And I just hypothesized a $50 value. Somebody would pay it. And you said, sure. Exactly. Then I think that destroys your argument about the unavailability of a market value. But in this case, the thieves market was not made available. They did not put it up for sale. They put it in their yard. In fact, one of the cases— That doesn't mean it has no value. Why are you not understanding this? Maybe because you don't want to? No, the point is that if someone stole the United States Constitution, there's no value on it. So it would only be a misdemeanor. The Petroglyphs themselves had an inherent value that carries much more than just a misdemeanor $50 fine. These Petroglyphs belong to a Native American tribe that goes through cultural history. For once, when the government stands up on behalf of a tribe to defend their culture, we're saying, well, you have not presented any value. The only value that exists that can be based upon anything is an archeological value. A Civil War diary that would have been found on a battlefield in the south can't really place a value on it. And they sell those kinds of items all the time. I mean, the question is, though, statutory. And I think where we began with, if there is a commercial value, you have to prove it. And if you're relying on something else, you have to prove that there's no commercial market for it, right? Isn't that where we're starting off as a matter of statutory? Yes, I agree. But the point here— So then I think what Judge Fletcher is getting at is it really seems pretty obvious that there is a commercial value that could have been established for this. Let's just take that as given. So where does that leave us? If there was a commercial value, then we would have had to present it. But the government's point is there is no commercial value for these anti-American— You cannot buy these on eBay. Assume for purposes of argument that there is a commercial value. And assume, therefore, that archeological value was not available as a basis for proving value. Where then are we? What are we supposed to do with this case? Convert it into a misdemeanor? Yes, if there's any evidence of commercial value, but there is none. Well, then how is it even a misdemeanor? Because the statute requires value, and then it says above $1,000 to have a sentence over a year. But whether it's a misdemeanor or a felony, it requires that there be value. And if you say there's no value at all shown, why is this just not an outright reversal? Well, it would seem like there would have to be some affirmative proof that there is absolutely zero value, that these are absolutely worthless, that they're worth nothing. And it would seem that there has to be some value placed upon it. If we can't use archeological value, and there is no established evidence of commercial value, then— Let me ask you—this is a different question, but it's obviously related. How can we convert a felony conviction into a misdemeanor conviction when a misdemeanor was never charged? The—well, I guess in this case, the defendants would have to request a finding from a jury of less than $1,000 for them to have the opportunity to consider whether or not it would be a misdemeanor rather than a felony. In this case, the defendant— This isn't even a lesser-included offense. It's the same statute. It's a violation of the statute, whether it's $1,000, over $1,000, or not. But the indictment charges a theft of over $1,000. The jury returned a verdict of having committed a theft of over $1,000. Although they found a violation of the statute, even if there isn't a—even if it doesn't exceed $1,000. Where does that leave us with the jury verdict? Well, if—I guess with the jury verdict, it would leave it as open for a whole new trial. It wouldn't prohibit the government from pursuing a felony. It's up to you to reindict, if you wish, right? Yes, Your Honor. Yeah. Yes, Your Honor. You might try it out this expert rehabilitative. But do you think you have—before you get to that question, really, do you think you have a conviction that's a valid conviction as a misdemeanor? The—just recalling the misdemeanor, theft of government value, the only thing that would differentiate that makes it a—and I'm sorry, I don't—I haven't thought about the misdemeanor aspect of it. But I'm not sure whether or not value is really an issue if it's less than $1,000. I—there's nothing in the statute requiring that it requires a value of one cent or more for it to be a misdemeanor. Anything over $1,000 is a felony. I believe that the statute only outlines the fact that if it is government property, that it is stolen, if it's greater than $1,000, then it's a felony. If it's not greater than $1,000, then it's a misdemeanor. Right. So where does that leave us if you charged a felony, the elements of a crime for a felony? That's part of the indictment. Rupp here, if we were to hold that value was not proven in this case, or at least was insufficient, or the jury instruction was insufficient, do you think we have the power to convert that to a misdemeanor under this peculiar statute, or do you think it's just our only option is to reverse and let you decide whether you want to retry them? I'm not familiar with any instances in which the reversal would convert something from a felony to a misdemeanor. We do sometimes on sentencing issues purely, but that's a—it's a different—well, it's a— But I think that the—since, as you mentioned, it wasn't charged as an option, and it wasn't requested as any sort of type of lesser included, that it would have to go back and would have to be reheard again. The other thing about this, just to interrupt for a second, though, is that this statute is not a—it's not a lesser included offense, such as Reiner just said. It's the same statute. It's almost a wobbler, as we call them in California. Let me ask you this. Under the instructions to the jury, if they had found that the value was less than $1,000, would they return a verdict of guilty or not guilty? It would be hard for me to speculate as to what the jury did. No, no, not what they did. I said what were they instructed. Under the instructions to the jury, if they found all the elements of the offense and they found that the property was worth less than $1,000, were they to convict or acquit? The instructions of the judge gave them they would have been acquitted. The judge instructed them that if they did not find the value greater than $1,000, that they must be acquitted. Okay. And what's the statute limitations on this, as to say, I'm trying to figure out the practical consequences, if we end up just outright reversing? I believe it's a five-year statute. And are we within—I could look back at the dates. Are we within that statute? Yes, we are within. It was August of 2003 that the— So depending on double jeopardy, you might be able to reindict? Correct, Your Honor. And you might be able to bring in the evidence that you're so far telling me is incompetent? I think you could rehabilitate him, it sounds like. We would have to try to continue searching for a resource. I might encourage your adversary in that event to bring in a transcript of this argument, if you try and put on Mr. Bowdy's evidence. That was— If—I guess if I have about two minutes left, I'm going to do my best to try to salvage where I can see this is going. These are just questions. These are just questions. The jury acquitted him on the ARPA violation. Right now, there's a couple books that are being written about Archaeological Resources Protection Act. I've received several phone calls since this case because it was very interesting. And there's some folks out in Virginia that are putting together a book. And they were very— I'm going to have to sell that book until after the decision. I did encourage them that. And what came up was their concern over the Lynch decision within the Ninth Circuit. And the jury acquitted them. And based on one of the jury notes that came out was it was very difficult to establish that the defendants knew or had reasonable belief to know that these were archaeological resources. An archaeological resource is made up of several different parts. Now— Why is that relevant? Didn't we get an acquittal on that one? That's off the table, right? Well, not quite. And that's why—that's transitioning over. Their concern was that the Ninth Circuit, being the largest that it is, encompasses some of the largest land areas in the United States. The Lynch decision made it very difficult to prosecute these cases. In order to prosecute these cases, one of the things that's left is theft of government property. Value itself is not construed to only what was listed under the Statute 641. It's to be broadly construed if there's other values that can be established. A thieves' market, the Hudson case by the defendant that they cite is if it had a market value. Bigelaw, value that should be— Let me ask you this. It doesn't sound so difficult to me. Aren't there museums that would buy these petroglyphs? That was—and just as a duty of candor, not part of the record. That was our first opportunity. We contacted museums. There has to be—how do you get these? What do you pay for them? We don't pay for them. They're provided to us. Well, how do you—what do you insure? But if we offered it to you for sale, would you buy it? What would they say? Call the Getty. Call the Getty. Exactly. Whenever I— We have a fine archaeological museum in Montana. You can call them next time. St. James Thomas told you to call. How much will we pay for a petroglyph? And this, I guess, out of interest, though, every person we called, we tried every museum. They said, well, that's a funny question. We had never really thought about that. So we— You said to them, would you be interested in buying this if we would sell it to you? And they said, that's a funny question. Oh, I'm sorry. Yeah. And then you say to them— Well? Could you think about that funny question and give us an answer? What would you pay for it? I would—I— Where are they now? I'm sorry? Where are they now? They—they're—they're still being—they're still being held— In the normal course of getting contraband, you sell that at an auction, right? Well, they belong to the—they belong to the Washoe tribe. We—it even crossed our mind to put them up on eBay just to see if we got any bids. But we'd be breaking the law if we did that. So I guess the—the bottom line is, and I see that I'm out of time and I'll step back, but the—we're just asking that—not to take the teeth out of one of the remaining tools that we have to protect the archaeological resources. Relying on archaeological value was kind of a—was our last grasp. I believe the defendants have said that this was an ARPA case. They acquitted, but they convicted on that. The—the—the verdicts were not inconsistent, but like we said, you know, when we talk about the Constitution, if something was documents from a Spanish missionary, they're not worthless, but you can't place a value on something that is otherwise considered priceless. Thank you. Thank you, counsel. I think you have one minute left for rebuttal. Thank you. I've been trying cases for over 20 years in northern Nevada, and sometimes I know when it's time not to say anything else. At the risk of taking just one more minute, I wanted to say this. When we litigated this case, the court indicated to the government prior to their close of the case, are you sure you want to use archaeological value as your 641 element? The government indicated they did, and in their view, archaeological value was the same thing as commercial value. That was said. That's in the record. That's not true. That's not the state of the case. That's not the state of the law. You've captured a flavor of what occurred in this case. You understand that from your questions to the government, that archaeological resource value is not commercial value. Now, as far as the marked body was concerned, Justice Fletcher, and when you read that, you saw that they could have called him. They could have made him a better witness, if you will. That discovery came from a packet. As you know, when agents put cases together to give to a United States attorney, they have different elements of the particular offense. They want the government to see how they found that element. And they knew, being the Forest Service, that one of the elements of theft of government property was value. So they went out and they talked to marked body. And marked body certified that this was the value. They didn't like the answer, so they didn't call him. Well, he wasn't satisfied with the qualifications, and he didn't want to put on a witness. Maybe they decided they didn't want to use him, or maybe they decided that, in fact, they didn't want to tender the witness because he didn't have the qualifications. That's a trial judgment, but they disclosed it to you. Then dismiss the case and do what you started to do and litigate it on the archaeological theft of the resource. Dismiss the case if you can't provide value. Don't say to the jury that because we talked about Terry Burke, who was the expert who provided the archaeological resource value in their presentation and prosecution related to count one, which was acquitted, that now that we've got a fallback on count two, that's the value to be used. So on that basis, I submit it. And, again, I'd ask you to reverse based on what I asked. Thank you very much. Thank you. Thank you, counsel. Thank you, both. The case and statute will be submitted. The court will take a brief recess before the final case of the morning.
judges: Reinhardt, Thomas, W. Fletcher